**UNITED STATES DISTRICT OF NEW YORK**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSSELINE CASTRO *on behalf of herself and others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>MR V BERRY FRUTAS Y VEGETALES INC; MR. LIME & MR. KIWI INC; KICOPI 957 INC; KICOPI 31 INC; KICOPI 32, INC; JUNSEOK YOON; JACK YOON; DONG KEUN YOON; and JOON YUN<br><br>*Defendants.* | Civil Action No.<br><br>FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff JOSSELINE CASTRO, on behalf of herself and other similarly situated employees, as the class representative, by and through her attorney, Mohammed Gangat, Esq., files this Complaint against defendants MR V BERRY FRUTAS Y VEGETALES INC; MR. LIME & MR. KIWI INC; KICOPI 957 INC; KICOPI 31 INC; KICOPI 32, INC; JUNSEOK YOON; JACK YOON; DONG KEUN YOON; and JOON YUN (collectively, the "Defendants"), and alleges upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), she and a proposed class of others similarly situated are entitled to recover from the Defendants: (1) overtime compensation, (2) liquidated damages on those amounts, (3) unlawfully retained tips and gratuities; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", she and a proposed class of others similarly situated are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for

each day they worked in excess of ten (10) hours; (3) unlawfully retained tips and gratuities; (4) damages for failure to give required notices and wage statements; (5) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

3. In addition to seeking recovery for the Plaintiff, this lawsuit also seeks to recover minimum wage, overtime compensation, spread-of-hours pay, and statutory penalties for similarly situated employees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at the majority of the defendants reside in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6. Plaintiff Castro is a resident of Brooklyn, New York.

7. MR V BERRY FRUTAS Y VEGETALES, Inc. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as 1410 Myrtle Ave, Brooklyn, NY 11237.

8. MR. LIME & MR. KIWI, Inc. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as 167 Bedford Avenue, Brooklyn, New York 11211.

9. KICOPI 957, Inc. (the "Corporate Defendant") is a domestic corporation organized

under the laws of the State of New York, with a New York Department of State address for process listed as 957 Broadway, Brooklyn, NY 11221.

10. KICOPI 31, Inc. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as 31 Wyckoff Avenue, Brooklyn, New York 11237.

11. KICOPI 32, Inc. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as 29-01 Broadway, Long Island City, NY 11106.

12. Upon information and belief, Defendant Junseok Yoon (the "Individual Defendant") is an adult individual residing in the County of Kings State of New York.

13. Upon information and belief, Defendant David Keun Yoon (the "Individual Defendant") is an adult individual residing in the County of Kings State of New York.

14. Upon information and belief, Defendant Joon Yoon (the "Individual Defendant") is an adult individual residing in the County of Kings State of New York.

15. Upon information and belief, Defendant Jack Yoon (the "Individual Defendant") is an adult individual residing in the County of Kings State of New York.

16. Upon information and belief, the Individual Defendants are the owners, shareholders, directors, supervisors, managing agents, and/or proprietors, of the Corporate Defendants.

17. Defendants operate a single integrated business, consisting of eleven grocery stores, known as Mr. Kiwi, Mr. Coco, Mr. Piña, Mr. Melon, Mr. Lime, Mr. Berry, Mr. Mango, Mr. Lemon, Mr. Plum, and Mr. Avo, which are businesses engaged in the selling of produce groceries, prepared foods and freshly made juices and smoothies. They are all located in New York City.

18. Throughout Plaintiff's employment, Defendants' single integrated enterprise has jointly employed Plaintiff, who performed work at several of the Defendant's grocery store locations.

19. Plaintiff performs the same basic job duties and are subject to substantially similar employment policies and practices by Defendants at Defendant grocery store locations.

20. The Individual Defendants actively participate in the day-to-day operations of each of the Corporate Defendants and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

21. Upon information and belief, all of Defendants' locations share common management and are centrally controlled and/or owned by the Individual Defendants.

22. Upon information and belief, the Individual Defendants have had control over and the power to change compensation practices for all employees at all of Defendants' locations.

23. Upon information and belief, the Individual Defendant have had the power to determine employee policies for employees at all of the Defendants' locations, including, but not limited to, time-keeping, payroll policies, and policies governing the allocation of tips and/or gratuities.

24. Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendants are and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA in that Defendants (i) have and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and had an annual

gross volume of sales of not less than $500,000.

25. Defendants continuously employed Plaintiff to work as a non-exempt employee.

26. Throughout the employment, Plaintiff performed her duties at mainly at the store named Mr. Berry, located at 892 Manhattan Ave., but has also performed her duties at the following stores: Mr. Mango (59 Lafayette Ave., Brooklyn), Mr. Kiwi (957 Broadway, Brooklyn), Mr. Piña (219 Havemeyer St, Brooklyn), Mr. Beet (193 Smith St., Brooklyn), and Mr. Plum (658 Manhattan Ave, Brooklyn).

27. The work performed by the Plaintiff was essential to the businesses operated by Defendants.

28. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation, and tips, in direct contravention of the FLSA and New York Labor Law.

29. Defendants knowingly and willfully failed to pay Plaintiffs her lawfully earned minimum wage, and spread of hours compensation in direct contravention of the New York Labor Laws.

30. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

31. Plaintiff performed substantial duties as a juicer and a cashier for an enterprise operating about 11 grocery store locations in Brooklyn.

32. Plaintiff at all relevant times was a covered employee within the meaning of the FLSA and NYLL.

33. Plaintiff was employed by Defendants from about March 2017 and worked continuously until about mid-September 2018, at which time she took her first break from the

- 20 -

employment. During this first period of employment, Plaintiff's work schedule was 2pm to 8pm, Monday through Friday, and Plaintiff earned $9 per hour. During this time she worked the juice counter of the grocery store, which involved preparing juices for customers who walk-in and order; and preparing juices and juice shots that are packaged and placed on the shelves for customers to pick up and purchase alongside their groceries.

34. In March 2019, Plaintiff returned to her employment, working a schedule usually from 2pm to 9pm, Monday through Friday, and earning $10 per hour. During this time she worked the juice counter of the grocery store, which involved preparing juices for customers who walk-in and order; and preparing juices and juice shots that are packaged and placed on the shelves for customers to pick up and purchase alongside their groceries.

35. In January of 2020, Plaintiff's began working a schedule that was usually from 7:30am to 2pm, Monday through Friday, and her salary changed to $11 per hour. During this time she worked the juice counter of the grocery store, which involved preparing juices for customers who walk-in and order; and preparing juices and juice shots that are packaged and placed on the shelves for customers to pick up and purchase alongside their groceries.

36. On or about the beginning of the pandemic, in other words, the middle of March 2020, the Plaintiff's schedule changed to being usually from 7:30am to 2pm, Monday through Thursday, and 10am to 8pm on Saturdays and Sundays. Plaintiff worked on average 46 hours a week in this period. This schedule remained until on or about mid-August 2020. Her pay was increased to $13 per hour. During this time, Plaintiff performed a mix of duties including working the juice counter and working as a cashier.

37. On or about mid-August 2020, Plaintiff's schedule changed to 11am to 5pm Monday through Thursday, where she was paid $15 per hour and worked only as a cashier.

She still worked on Saturdays as a cashier from 10am to 8pm, and Sundays from 8am to 8pm, where she worked as a juicer only on Sundays and was paid 11 per hour. Plaintiff still worked an average of 46 hours a week.

38. On or about mid-September 2020, Plaintiffs schedule changed once again, Monday, Wednesday, and Thursday she would work from 11am to 5pm. On Tuesdays and Sundays, Plaintiff would work from 8am to 8pm. On Saturdays, Plaintiff would work 10am to 8pm. Plaintiff's rate of pay did not change.

39. Plaintiffs employment with Defendants ended on or about February 27, 2021.

40. At no point did Defendants inform Plaintiffs of the minimum wage, tip credit intention, or overtime provisions of the FLSA or the NYLL.

41. During the employment there have been numerous instances where Defendants unlawfully retained her tips that were earned in shifts where she worked as both juicer and cashier.

42. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees their minimum wage under New York State laws, the FLSA overtime rate (of time and one-half), the New York State overtime rate (of time and one-half), and spread of hours pay, all in direct violation New York Labor Law and New York State Department of Labor Regulations.

43. Plaintiff was paid at times in cash and Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiffs bring this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

        all current and former employees non-exempt hourly employees working for Defendants during the three year period prior to the filing of the complaint.

45. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

46. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

47. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

48. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively

small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

49. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

   b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

   e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

   f. Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wages for all hours worked; and

   g. Whether the Defendants failed to pay Plaintiff and the Collective Action Members for hours worked in excess of 40 hours per workweek.

50. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

51. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

52. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

53. In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> all current and former non-exempt hourly employees of Defendants during the six year period prior to the filing of the complaint.

54. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

55. The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

56. The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

respect to the Proposed Class as a whole.

57. Plaintiff has committed herself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

58. Plaintiff will fairly and adequately protect the interests of the Proposed Class. Plaintiff understands that, as a class representative, she assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that she must consider their interests just as she would represent and consider her own interests, and that she may not favor her own interests over those of the Class Members.

59. Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, she must remain informed of litigation developments and that she may be called upon to testify in depositions and at trial.

60. Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiff's claims are typical of the Proposed Class.

61. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

    a. Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

    b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. Whether the Defendants failed to pay Plaintiff and the Class members the

      applicable wages for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

  e.  Whether Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

  f.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

### STATEMENT OF CLAIM

**COUNT I: FLSA – Overtime Wages, Unlawful Tip Retention**
*Brought on behalf of Plaintiff and the Proposed FLSA Collective*

62.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

63.    Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

64.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

65.    At all relevant times, Defendants employed Plaintiff and the Proposed FLSA Collective members within the meaning of the FLSA.

66.    Upon information and belief, at all relevant times, Defendants have had gross

revenues in excess of $500,000.

67. Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

68. Defendants failed to pay Plaintiff and the Proposed FLSA Collective members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

69. Defendants unlawfully retained tips and gratuities that were owed to Plaintiff and the Proposed FLSA Collective members which is in violation of the FLSA. 29 USC § 203(m)(2)(B).

70. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

71. Defendants have a policy that employees sign in and sign out of their shifts through a face-scan apparatus and thus are aware of the hours worked of their employees. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Proposed FLSA Collective members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiffs and the Proposed FLSA Collective

72. Defendants failed to properly disclose or apprise Plaintiff and the Proposed FLSA

Collective members of their rights under the FLSA.

73. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

74. Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, unpaid tips and gratuities, and an equal amount as liquidated damages, and prejudgment interest thereon.

75. Plaintiff and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II: NYLL – Unpaid Minimum Wages, Overtime wages, Spread of Hours, and Unlawful Tip Retention
*Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

76. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

77. Defendants employed Plaintiff and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

78. Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay Plaintiff and the Rule 23 Proposed Class members the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

79. Defendants failed to inform Plaintiff of their intention to take the tip credit and failed to indicate the amount taken as tip credit on the paystubs.

80. Defendants were ineligible for a tip credit against their minimum wage

obligations with regard to Plaintiff because, inter alia, the Defendants did not notify the Plaintiff of the applicable legal provisions of the NYLL, or of Defendants' intention to claim a tip credit against their minimum wage obligations to reduce the applicable minimum wage; failed to properly account for tips earned and credit against the wages due; unlawfully retained tips that should have been turned over to Plaintiff; and because Plaintiff regularly performed work for which she did not customarily receive a tip.

81. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

82. Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay "spread of hours" premium to Plaintiff and the Rule 23 Proposed Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

83. Defendants unlawfully retained gratuities or charges purported to be gratuities of the Plaintiff who worked as a juicer for the Defendants, in violation of NYLL § 196-d.

84. Defendants' violations of the NYLL, as described, were willful and intentional.

85. Defendants failed to properly disclose or apprise Plaintiffs and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

86. Due to the Defendants' New York Labor Law violations, Plaintiff and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, unpaid tips and gratuities, reasonable attorneys' fees, and

costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

### COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements
*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

87. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

88. Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

89. Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

90. Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages;

hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

91. Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

92. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive an declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

93. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

94. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

95. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, Josseline Castro, on behalf of herself and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly workers at one or several of their locations, and of their right to join this lawsuit if they belief they were denied proper wages;

ii. An award for unpaid overtime compensation and unlawful tip retention due under the FLSA and New York Labor Law;

iii. An award of liquidated damages as a result of Defendants' failure to pay their owed overtime compensation pursuant to 29 U.S.C. § 216;

iv. An award of liquidated damages as a result of Defendants' failure to pay unpaid minimum wage compensation, unlawful tip retention, and overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

v. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vi. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

vii. Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

viii. An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL

ix. An award of prejudgment and post-judgment interest;

x. An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

xi. Such other and further relief as this Court determines to be just and proper.

## **JURY DEMAND**

Pursuant to FRCP 38 Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
      March 4, 2020                        **LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 3rd Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff and the FLSA Proposed Collective and Rule 23 Proposed Class*